IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PATRICIA REHBEIN,

    Plaintiff,

v.

                        CIVIL NO.: WDQ-12-1247

BIOMET ORTHOPEDICS, LLC et al.,

    Defendants.

MEMORANDUM OPINION

Patricia Rehbein sued Biomet Orthopedics, LLC ("Biomet Orthopedics"), Biomet, Inc., and Mid Atlantic Medical, LLC ("Mid Atlantic") for negligence and other claims. For the following reasons, Mid Atlantic's motion for summary judgment will be granted.[1] A status report will be ordered.

I. Background[2]

Biomet Orthopedics is a wholly-owned subsidiary of Biomet, Inc., and together they manufacture and sell Biomet Magnum hip

---

[1] Mid Atlantic captioned its motion as one to dismiss for failure to state a claim, or alternatively for summary judgment. ECF No. 11. Because Mid Atlantic challenges the facts of the complaint rather than its sufficiency, the Court will treat the motion as one for summary judgment. See *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011) (on a motion to dismiss for failure to state a claim, the Court accepts as true all facts alleged in the complaint and determines whether, accepting those facts, it is sufficient).

[2] In reviewing a motion for summary judgment, the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in [his] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

replacement implant devices ("Magnum Devices"). ECF No. 2 ¶¶4-5, 13-14. The Magnum Device employs a "metal on metal" system in which the components--a head, insert, and cup--are metal, rather than a combination of materials, and are advertised to last longer than other hip repair or replacement systems. *Id.* ¶¶10-11. Biomet Orthopedics and Biomet, Inc. are Indiana citizens. *Id.* ¶¶4-5.

Mid Atlantic is a Maryland corporation. It advertises and distributes the Magnum Device. *Id.* ¶6. Mid Atlantic does not distribute Biomet orthopedic devices in Alexandria, Virginia. ECF No. 4 ¶3 (affidavit of Brett Shoop, principal for Mid Atlantic).

On February 12, 2010, Rehbein, a Virginia citizen, had left hip replacement surgery at Inova Alexandria Hospital in Alexandria, Virginia. ECF No. 2 ¶18. Dr. Thomas Martinelli implanted a Magnum Device in Rehbein. *Id.* After surgery, Rehbein had severe pain in her hip and lost mobility. ECF No. 2 ¶19.

Mid Atlantic "was instrumental in educating [Rehbein's] Orthopedic surgeon regarding claimed advantages of the [Magnum Device], addressing the questions of the surgeon, and assisting at the surgery." *Id.* ¶24.

Mid Atlantic has no record of distributing Magnum Devices, including the one implanted in Rehbein, at Inova Alexandria

2

Hospital; it "had no involvement with the distribution of the Magnum Device" that was implanted in Rehbein. ECF No. 4 ¶¶5-7.

On September 12, 2011, Rehbein had the Magnum Device replaced with a different hip replacement implant device. Id. ¶20. The replacement surgery revealed evidence of metallosis[3] and soft tissue damage in her hip area. Id.

On February 13, 2012, in the Circuit Court for Baltimore City, Rehbein sued Biomet Orthopedics, Biomet, Inc., and Mid Atlantic. She named Mid Atlantic in six of her seven claims: strict liability for a manufacturing defect (count 2), strict liability for a design defect (count 3), strict liability for providing an inadequate warning (count 4), breach of express and implied warranty (count 5), violating the Maryland Consumer Protection Act (count 6), and negligence (count 7).[4] ECF No. 2 ¶¶33-63. Between February 24, 2012, and April 24, 2012, Mid Atlantic was served with the complaint. ECF No. 3; ECF No. 1.

On April 24, 2012, before it had been served, Biomet Orthopedics removed the suit to this Court. ECF No. 1; id. at ¶20. Biomet Orthopedics stated that Biomet, Inc. consented to

---

[3] Metallosis is the spreading of metal debris in the body, caused when metal objects in implant devices rub together and shed metal fragments. Metallosis can cause inflammation and damage in bone and tissue near an implant. ECF No. 2 ¶12.

[4] Count 1 alleged negligence against Biomet Orthopedics and Biomet, Inc. ECF No. 2 ¶¶27-32

the removal. *Id.* ¶23. Biomet Orthopedics conceded that Mid Atlantic was a citizen of Maryland,[5] and had not joined in the removal[6]; it argued that Mid Atlantic had been fraudulently joined and thus should not be considered in the removal analysis. ECF No. 1 ¶¶10-18, 24.

On May 1, 2012, Biomet Orthopedics answered the complaint. ECF No. 10. The same day, Mid Atlantic moved to dismiss the claims against it, or alternatively for summary judgment.[7] ECF No. 11. Biomet, Inc., has filed no motions, no attorney has entered an appearance on its behalf, and it does not appear that it has been served with the complaint. *See* docket. Rehbein has similarly made no filings in this Court, and did not oppose the motion to dismiss or for summary judgment. *See id.*

II. Analysis

    A.   Effect of Potentially Improper Removal

The Court has original subject matter jurisdiction over this action because the parties are completely diverse--Rehbein is a citizen of Virginia, Biomet Orthopedics and Biomet, Inc.

---

[5] Under 28 U.S.C. § 1441(b)(2), a civil action removable only on the basis of diversity jurisdiction may not be removed if any properly joined and served defendant is a citizen of the State in which the action is brought.

[6] Ordinarily, all properly joined and served defendants must consent to removal based only on diversity jurisdiction. 28 U.S.C. § 1446(b)(2)(A).

[7] Mid Atlantic's request for a hearing, ECF No. 11 at 2, will be denied as unnecessary.

are citizens of Indiana, and Mid Atlantic Medical is a citizen of Maryland[8]--and Rehbein seeks $10 million in damages.[9]  *See* 28 U.S.C. 1332.  However, removal may have been improper, as Mid Atlantic did not consent to it and is a citizen of Maryland.  *See* 28 U.S.C. §§ 1441(b)(2), 1446(b)(2)(A).

"Failure of all defendants to join in the removal petition does not implicate the court's subject matter jurisdiction. Rather, it is merely an error in the removal process. As a result, a plaintiff who fails to make a timely objection waives the objection."  *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).  Similarly, the improper removal of an action in which a properly joined and served defendant is a citizen of Maryland[10] does not deprive the Court of subject matter jurisdiction, as that defect may be waived.[11]  The

---

[8] ECF No. 2 ¶¶3-6.

[9] ECF No. 2 ¶52.

[10] Under 28 U.S.C. § 1441(b)(2), a civil action removable only on the basis of diversity jurisdiction may not be removed if any properly joined and served defendant is a citizen of the State in which the action is brought.

[11] The Fourth Circuit has not addressed this question, *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378 (N.D.W. Va. 2011), but nine Circuits have concluded that the forum-defendant rule is procedural, *see Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 21-22 (1st Cir. 1987); *Woodward v. D.H. Overmyer Co., Inc.*, 428 F.2d 880, 882-83 (2d Cir. 1970); *Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 393 (5th Cir. 2009); *Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437

requirements for removal are met if the defendant which did not join in the removal, or is a citizen of Maryland, was fraudulently joined to the action. *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508 n.4 (E.D. Va. 1992).[12]

The defects in removal here do not deprive the Court of jurisdiction, and as the plaintiff has not objected to them, they have been waived.[13] The Court need not determine whether Biomet Orthopedics has shown that Mid Atlantic Medical was fraudulently joined, because neither Mid Atlantic nor Rehbein has objected to the removal. *See* ECF No. 1.

---

(6th Cir. 1924); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1094-95 (10th Cir. 1970); *Borg-Warner Leasing v. Doyle Elec. Co., Inc.*, 733 F.2d 833, 835 n.2 (11th Cir. 1984). *But see Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 (8th Cir. 1992) (holding that removal jurisdiction depends on the statutory requirements; it is "not a mere procedural irregularity capable of being waived").

[12] "The party alleging fraudulent joinder bears a heavy burden--it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). There must be no possibility that the plaintiff can establish a claim against the defendant. *Id.* at 424. The Court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks omitted).

[13] Under 28 U.S.C. § 1447(c), a motion to remand a case on the basis of a defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. The notice of removal in this case was filed on April 24, 2012; more than 30 days have passed and no one has filed a motion to remand. *See* ECF No. 1.

B.   Mid Atlantic's Motion

Mid Atlantic has moved to dismiss or for summary judgment. ECF No. 11.  Both motions contend that, contrary to the complaint's allegations, Mid Atlantic did not sell or distribute the Magnum Device in Virginia and had no connection to the Magnum Device implanted in Rehbein.  ECF No. 11 at 4; ECF No. 2 ¶¶16, 21 (complaint allegations).  Rehbein's failure to oppose the motion to dismiss or for summary judgment is not necessarily fatal to her complaint.  *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000) (motion to dismiss); *Wallace v. Koppel*, No. 09-2666-JFM, 2010 WL 1956821, *2 (D. Md. May 14, 2010) (analyzing unopposed summary judgment motion before granting it).  The motions raise questions "of law that the court is capable of determining based on its own reading of the pleading [and evidence] and knowledge of the law."  *McCall*, 232 F.3d at 322.

For the motion to dismiss, the Court accepts as true all factual allegations in the complaint.  *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).  Mid Atlantic's argument that the allegations are false is irrelevant to a motion to dismiss, and is more properly addressed on a motion for summary judgment. As Mid Atlantic moved in the alternative for summary judgment, the Court will consider that motion.

7

1.   Standard of Review

Under Rule 56(a), summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[14]  In considering the motion, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (citation and internal quotation marks omitted).

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [its] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290

---

[14] Rule 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment." Fed. R. Civ. P. 56 advisory committee's note.

F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted).

    2.    Mid Atlantic's Motion for Summary Judgment

Mid Atlantic contends that it is entitled to summary judgment because each claim against it is based on the assertion that it provided the Magnum Device to Rehbein's surgeon. ECF No. 11 at 8.

Summary judgment is appropriate because the uncontested evidence is that Mid Atlantic did not distribute or operate in Virginia and "had no involvement with the distribution" of Rehbein's Magnum Device,[15] and Mid Atlantic's liability for the six claims against it depends on its sale of Rehbein's Magnum device, or the assumption that it marketed the devices in Virginia.[16] Rehbein has presented no evidence "that there is a

---

[15] ECF No. 4 ¶7.

[16] The claims are: count 2 (manufacturing defect): Mid Atlantic distributed Rehbein's Magnum Device, and as a result, Rehbein suffered damages, ECF No. 2 ¶34; count 3 (design defect): Mid Atlantic's distribution of Rehbein's defective Magnum Device caused her injury, *id.* ¶41; count 4 (failure to warn): Mid Atlantic's distribution without proper warning of Rehbein's Magnum Device caused her injury, *id.* ¶46; count 5 (breach of warranty): by distributing Rehbein's Magnum Device, which did not conform to express and implied warranties that it was safe, Mid Atlantic breached those warranties, *id.* ¶¶49-52; count 6

genuine issue for trial." *See Bouchat*, 346 F.3d at 525. Accordingly, summary judgment will be granted for Mid Atlantic.

C. Status Report

As Rehbein and Biomet, Inc. have made no filings in this Court, a report is necessary to determine the status of this suit. The remaining parties will be ordered to file a joint status report stating whether Biomet, Inc. has been served and, if not, whether Rehbein will serve it; or Biomet, Inc. may move for an order to show cause why the Court should not dismiss the complaint against Biomet, Inc. for lack of timely service.

III. Conclusion

For the reasons stated above, Mid Atlantic's motion for summary judgment will be granted. The remaining parties will be ordered to file a joint status report within 14 days of the filing of this Memorandum Opinion and accompanying Order.

_____6/14/12_____  _____/s/_____
Date                William D. Quarles, Jr.
                    United States District Judge

---

(Maryland Consumer Protection Act): Mid Atlantic used deception to induce Dr. Martinelli, who operated out of Inova Alexandria Hospital in Virginia, to buy Rehbein's Magnum Device, *id.* ¶54; and Count 7 (negligence): Mid Atlantic's continued marketing and distribution of the Magnum Device, despite its knowledge that it was unreasonably dangerous, caused Dr. Martinelli to buy it and implant it in Rehbein, causing her injury, *id.* ¶61.